UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF DISTRICT OF FLORIDA
BROWARD DIVISION

STEVEN KOZAR,

    Plaintiff,

v.                                                 CASE NO.:

PETERSON ENVIRONMENTAL, INC.,
a Florida Profit Corporation, and NATHAN
PETERSON, individually

    Defendants.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, STEVEN KOZAR ("KOZAR" or "Plaintiff"), by and through undersigned counsel, files this Complaint against Defendants, PETERSON ENVIRONMENTAL, INC. ("PE") and NATHAN PETERSON ("PETERSON")(collectively "Defendants") and states as follows:

## JURISDICTION

1. Jurisdiction in this Court is proper as the claims are brought pursuant to the Fair Labor Standards Act, as amended (29 U.S.C. §201, et seq., hereinafter called the "FLSA") to recover unpaid overtime wages, an additional equal amount as liquidated damages, declaratory relief, and reasonable attorney's fees and costs.

2. The jurisdiction of the Court over this controversy is based upon 29 U.S.C. §216(b).

3. This Court has the authority to grant declaratory relief pursuant to the FLSA and the Federal Declaratory Judgment Act ("DJA"), 28 U.S.C. §§ 2201-02.

## PARTIES

4. At all times material hereto, Plaintiff was and continues to be a resident of Broward County, Florida.

5. At all times material hereto, PE was and continues to be a Florida Profit Corporation. Further, at all times material hereto, PE was and continues to be engaged in business in Broward County, Florida, with its principal place of business in Pinellas County, Florida.

6. At all times material hereto, Plaintiff was "engaged in commerce" within the meaning of §6 and §7 of the FLSA.

7. At all times material hereto, PETERSON was, and continues to be, a resident of Pinellas County, Florida.

8. At all times material hereto, PETERSON operated PE.

9. At all times material hereto, PETERSON regularly held and/or exercised the authority to hire and fire employees of PE.

10. At all times material hereto, PETERSON regularly held and/or exercised the authority to determine the work schedules for the employees of PE.

11. At all times material hereto, PETERSON regularly held and/or exercised the authority control the finances and operations of PE.

12. By virtue of having regularly held and/or exercised the authority to: (a) hire and fire employees of PE; (b) determine the work schedules for the employees of PE; and (c) control the finances and operations of PE, PETERSON is an employer as defined by 29 U.S.C. 201 *et. seq.*

13. At all times material hereto, Plaintiff was an "employee" of Defendants within the meaning of FLSA.

14. At all times material hereto, Defendants were "employers" within the meaning of FLSA.

15. At all times material hereto, PE was, and continues to be, "an enterprise engaged in commerce," within the meaning of FLSA.

16. Specifically, Defendant had two (2) or more employees selling renting and selling environmental testing equipment and supplies for compensation, and that have been moved in or produced for commerce.

17. At all times material hereto, Defendants accepted and processed payments from customers and others, which were drawn on out-of-state bank accounts.

18. At all times material hereto, PE was, and continues to be, an enterprise engaged in the "production of goods for commerce," within the meaning of the FLSA.

19. Based upon information and belief, the annual gross revenue of Defendants was in excess of $500,000.00 per annum during the relevant time periods.

20. At all times hereto, Plaintiff was "engaged in commerce" and subject to individual coverage of the FLSA.

21. At all times hereto, Plaintiff was engaged in the "production of goods for commerce" and subject to the individual coverage of the FLSA.

22. At all times material hereto, the work performed by the Plaintiff was directly essential to the business performed by Defendants.

## STATEMENT OF FACTS

23. Defendants hired Plaintiff to work as a non-exempt hourly paid employee during the FLSA's operative statute of limitations.

24. At various material times hereto, Plaintiff worked for Defendants in excess of forty (40) hours within a work week, and Defendants were fully aware, and assented to same.

25. Throughout his employment, Defendants failed to compensate Plaintiff at a rate of one and one-half times Plaintiff's regular rate for all hours worked in excess of forty (40) hours in a single work week.

26. Plaintiff should be compensated at the rate of one and one-half times Plaintiff's regular rate for those hours that Plaintiff worked in excess of forty (40) hours per week, as required by the FLSA.

27. Defendants have violated Title 29 U.S.C. §§ 206 and 207, in that:

   a. Plaintiff worked in excess of forty (40) hours per week for the period of employment with Defendants;

   b. No payments or provisions for payment have been made by Defendants to properly compensate Plaintiff at the statutory rate of one and one-half times Plaintiff's regular rate for those hours worked in excess of forty (40) hours per work week, as provided by the FLSA; and

   c. Defendants failed to maintain proper time records as mandated by the FLSA.

28. Plaintiff has retained the law firm of CELLER LEGAL, P.A. to represent him in the litigation and has agreed to pay the firm a reasonable fee for its services.

## COUNT I
## VIOLATION OF 29 U.S.C. §207 OVERTIME COMPENSATION
## (ALL DEFENDANTS)

29. Plaintiff re-alleges and reavers paragraphs 1 through 28 of the Complaint, as if fully set forth herein.

30. Plaintiff worked in excess of the forty (40) hours per week for which Plaintiff was not compensated at the statutory rate of one and one-half times Plaintiff's regular rate of pay.

31. Plaintiff was and is entitled to be paid at the statutory rate of one and one-half times Plaintiff's regular rate of pay for those hours worked in excess of forty (40) hours.

32. At all times material hereto, Defendants failed and continue to fail to maintain proper time records as mandated by the FLSA.

33. Defendants' actions were willful and/or showed reckless disregard for the provisions of the FLSA, as evidenced by their failure to compensate Plaintiff at a rate of one and one-half times Plaintiff's regular rate of pay for the hours worked in excess of forty (40) hours per weeks when they knew, or should have known, such was, and is due.

34. Defendants failed to properly disclose or apprise Plaintiff of his rights under the FLSA.

35. Due to the intentional, willful, and unlawful acts of Defendants, Plaintiff suffered and continues to suffer damages and lost compensation for time worked over forty (40) hours per week, plus liquidated damages.

36. Plaintiff is entitled to an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. §216(b).

37. Plaintiff is seeking unpaid overtime damages for the time period permitted under the FLSA, based on Defendants' willful violation of the FLSA. This would entitle Plaintiff to unpaid overtime for the three (3) year period preceding the filing of this lawsuit.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable as a matter of right by jury.

Dated: December 15, 2015

Respectfully submitted,

By: _____
RICHARD CELLER, ESQ.
Florida Bar No. 017330
CELLER LEGAL, P.A.
7450 Griffin Road, Suite 230
Davie, FL 33314
Telephone: (866) 344-9243
Facsimile: (954) 337-2771
E-mail: richard@floridaovertimelawyer.com

*Trial Counsel for Plaintiff*