# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
BROWARD DIVISION

STEVEN KOZAR,

    Plaintiff,

v.

PETERSON ENVIRONMENTAL,    Case No. 0:15-cv-62619-JIC
INC., a Florida Profit Corporation,
and NATHAN PETERSON,
individually

    Defendants.
_____/

## SETTLEMENT AGREEMENT AND FULL RELEASE OF WAGE CLAIMS

This SETTLEMENT AGREEMENT AND FULL RELEASE OF WAGE CLAIMS (the "Agreement") is entered into by and between is made by and between STEVEN KOZAR ("Kozar" or "Plaintiff") and PETERSON ENVIRONMENTAL, INC. ("PEI") and NATHAN PETERSON ("Peterson")(collectively "Defendants"). Plaintiff and Defendants collectively are referred to as the "Parties" in this Agreement.

WHEREAS, Plaintiff is a former employee of PEI; and

WHEREAS, Plaintiff has filed a civil action against Defendants in the United States District Court, Southern District of Florida, Broward Division, Case No. Case No. 0:15-cv-62619-JIC (the "Lawsuit"), and Defendants have denied all of the allegations in the Lawsuit; and



1

WHEREAS, the Parties hereto have agreed to resolve any and all claims of any nature whatsoever Plaintiff has arising out of or related to the payment of wages during his employment with PEI, including but not limited to the Lawsuit; and

NOW, THEREFORE in exchange for the promises and considerations set forth below, the sufficiency of which is hereby acknowledged, the Parties hereby agree as follows:

1. In exchange for the consideration set forth in Paragraph 2 below, Plaintiff for himself and his attorneys, heirs, executors, administrators, successors and assigns hereby waives and releases, knowingly and willingly, Defendants, their respective heirs, executors, administrators, legal representatives, parent corporations, predecessor companies, insurers, past, present and future divisions, subsidiaries, affiliates and related companies and their successors and assigns and all past, present and future directors, officers, employees and agents of these entities, personally and as directors, officers, employees and agents, ("Released Parties") from any and all claims of any nature whatsoever Plaintiff has arising out of or related to the payment of wages during his employment with PEI, known or unknown, including but not limited to, any claims Plaintiff may have under the Fair Labor Standards Act, the Florida minimum wage statute and any and all other applicable state, federal, county, or local ordinances, statutes or regulations, including claims for attorneys' fees which relate to the payment of wages. Plaintiff has been fully compensated for his claims under the Fair

SK

2

Labor Standards Act. Plaintiff also represents and certifies that he has received full payment for all hours worked while employed by PEI, including overtime hours, bonuses and vacation pay.

2. In exchange for and in consideration of the Releases and promises of Plaintiff in this Agreement, Defendants agree to pay the total sum of NINE THOUSAND THREE HUNDRED EIGHTY TWO DOLLARS AND 16/100 ($9,382.16). This Settlement is made by Defendants to provide full compensation to Plaintiff for his claims under the Fair Labor Standards Act, without compromise. Payment will be tendered as follows:

(a) Two checks will be payable to Steven Kozar representing the total amount of FOUR THOUSAND THREE HUNDRED EIGHTY TWO DOLLARS AND 16/100 ($4,382.16) broken down as follows:

(i) TWO THOUSAND ONE HUNDRED NINETY ONE DOLLARS AND 08/100 ($2,191.08) as taxable wages, less appropriate withholdings, to represent the unpaid overtime claim. An IRS Form W-2 will be issued to Plaintiff in this amount; and

(ii) TWO THOUSAND ONE HUNDRED NINETY ONE DOLLARS AND 08/100 ($2,191.08) as liquidated damages, with no withholdings. An IRS Form 1099 will be issued to Plaintiff in this amount. Plaintiff must provide a fully

completed and executed IRS Form W-9 to counsel for Defendants along with the executed agreement.

(b) One (1) check payable to Celler Legal, P.A. representing the total amount FIVE THOUSAND DOLLARS ($5,000.00) to represent attorneys' fees and costs. An IRS Form 1099 will be issued to Celler Legal, P.A. in this amount. Celler Legal, P.A. must provide a fully completed and executed IRS Form W-9 to counsel for Defendants along with the executed agreement.

3. The settlement sum will be delivered to Plaintiff's counsel within 14 days following (1) the Court's approval of this Agreement, (2) dismissal with prejudice of Plaintiff's claims in the Lawsuit, (3) Plaintiff's delivery of a completed IRS form W-4 to Defendants' counsel, and (4) Plaintiff's counsel's delivery of a completed IRS form W-9 for CELLER LEGAL, P.A. to Defendants' counsel.

4. Plaintiff shall direct his attorney(s) to prepare and file all documents necessary to obtain Court approval of this Agreement and dismissal of his claims in the Lawsuit with prejudice.

5. The Parties hereto agree that this Agreement is not, in any way, an admission by Defendants of any allegation, issue, fact or conclusion of law involving, concerning or in any way referencing the Lawsuit. Rather, Defendants deny having committed any violation of law.

6. The Parties hereto agree and acknowledge that this Agreement shall not be interpreted to render Plaintiff to be a prevailing party for any purpose, including but not

limited to, an award of attorneys' fees under any law. The Parties hereto further agree that, subject to the terms contained in this Agreement, the Parties are solely responsible for their respective costs and fees incurred as a result of the Lawsuit. Plaintiff is responsible for payment of any and all taxes applicable to any settlement monies received. In the event the Internal Revenue Service or other taxing authority challenges the above allocation, the Parties agree to work together cooperatively in connection with any such challenge. Plaintiff shall be solely responsible for paying all taxes and penalties related to the settlement sum. Plaintiff agrees to indemnify and hold Defendants harmless from any liability, claims, suits, judgments, and damages that arise as a result of any failure by Plaintiff to pay all taxes for which he is responsible.

7. This Agreement, subject to the terms contained within, is effective upon execution by Plaintiff. Should any of the provisions of this Agreement (other than the Release of Claims provision) be determined to be invalid by a court of competent jurisdiction, the Parties agree that this shall not affect the enforceability of the other provisions of the Agreement. This Agreement constitutes a single integrated contract expressing the entire agreement of the Parties with respect to Plaintiff's claims in the Lawsuit and supersedes all prior and contemporaneous oral representations, agreements and discussions with respect to the Lawsuit and Plaintiff's claims therein.

8. The failure by Defendants to declare a breach or otherwise to assert its rights under this Agreement shall not be construed as a waiver of any right Defendants have under this Agreement.

SK

9. This Agreement shall be governed by, and construed in accordance with, the laws of the State of Florida, without reference to principles of conflict of laws. The parties further agree that any action to enforce this Agreement shall be brought in a state or federal court of competent jurisdiction within Hillsborough County, Florida. Each party hereby expressly waives any and all rights to bring any suit, action or other proceeding in or before any court or tribunal other than the courts described above and covenants that it shall not seek in any manner to resolve any dispute other than as set forth in this paragraph or to challenge or set aside any decision, award or judgment obtained in accordance with the provisions hereof. Each of the parties hereto hereby expressly waives any and all objections it may have to venue, including, without limitation, personal jurisdiction and/or the inconvenience of such forum, in any of such courts.

10. In the event that any of the Parties breach any of the provisions of this Agreement, the non-breaching Party will be entitled to bring suit to recover any and all damages, both direct and consequential, that may be sustained and, in addition, will be entitled to specific performance and/or a temporary or permanent injunction prohibiting and enjoining the breaching Party from violating this Agreement. If the non breaching Party should prevail in such suit, the breaching Party shall compensate the non breaching Party for any and all attorney's fees, costs and expenses created in enforcing this Agreement.

11. The Parties agree and acknowledge that this Agreement was drafted by all Parties and their counsel. The language of this Agreement shall be construed as a whole, according to its fair meaning, and not strictly for or against either party.

SK

6

12. Plaintiff acknowledges that he has been fully advised to consult with an attorney as to the terms and provisions of this Agreement and has in fact done so. Plaintiff represents that he has had the opportunity to consult legal counsel of his own choosing before signing this Agreement, has carefully read the Agreement and has been fully and fairly advised as to its terms.

13. Plaintiff acknowledges that he is signing this Agreement knowingly and voluntarily, that he has read and understood all of the terms of this Agreement, and that he does not rely on any representation or statement, written or oral, not set forth in this Agreement and Release. Plaintiff further acknowledges and understands that he has accepted the settlement sum referenced in this Agreement in full satisfaction of any and all claims of any nature whatsoever Plaintiff has arising out of or related to the payment of wages during his employment with PEI up to the date he executes this Agreement and Plaintiff affirmatively intends to be legally bound thereby. Plaintiff hereby agrees and acknowledges that he is not entitled to receive any additional consideration or benefits from Defendants, other than as expressly provided herein.

14. This Agreement may be executed in counterparts and each counterpart, when executed, shall have the efficacy of a second original. Photographic or facsimile copies of any such signed counterparts may be used in lieu of the original for any purpose.

15. The entire Agreement is type-written and no handwritten or stray markings on this document, with the exception of the parties' signatures, shall have any effect on the terms of this Agreement. This Agreement may not be modified, altered or changed except

_SK_
SK

7

upon express written consent of all parties wherein specific reference is made to this Agreement.

For Defendants PEI and
Nathan Peterson:

_____
NATHAN PETERSON
President

Date: 2/24/16

Plaintiff:

_____
STEVEN KOZAR

Date: 2/23/16

SK

8